IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JAMES E. WHITNEY
ADC #163817                                                    PLAINTIFF

v.                          No. 4:17-cv-281-DPM

UNITED STATES DEPARTMENT
OF JUSTICE                                                     DEFENDANT

## ORDER

**1.** The Court previously converted the Department's motion to dismiss into one for summary judgment. № 8 & 12. The Department has since supplemented its motion; and Whitney has submitted a cross-motion for summary judgment. № 13 & 21.

**2.** First, Whitney's motion. The basis for Whitney's summary-judgment argument—and for his lawsuit more broadly—is his belief that the Department failed to respond to his FOIA request within the twenty days required by statute. № 14 at 3-4; 5 U.S.C. § 552(a)(6)(A). Whitney says he placed his request in the prison mail on 17 March 2017. № 2 at 2. He argues that, by operation of the prison mailbox rule, his request was therefore deemed filed on March 17th as well. № 14 at 3. But Whitney is mistaken. The statute requires an agency to respond within twenty days of *receiving* a request. 5 U.S.C. § 552(a)(6)(A). And courts have declined to apply the prison

mailbox rule in cases where a statute bases time limits on the date of receipt rather than the date of filing. *E.g., Longenette v. Krusing*, 322 F.3d 758, 764 (3d Cir. 2003). The Department responded on the sixteenth day after it got Whitney's letter. That response was timely. Whitney's motion for summary judgment, № 13, is therefore denied.

**3.** Next, the Department's motion. It first argues that this Court lacks subject matter jurisdiction because Whitney failed to properly exhaust his administrative remedies. № 9 at 3–7. As the Department acknowledges, the Circuits divide on whether exhaustion is jurisdictional in FOIA cases; and the Eighth Circuit hasn't taken a position. № 9 at 3–4. But a majority of the Circuits to consider the question have held that exhaustion is a prudential consideration, not a jurisdictional prerequisite. *Hull v. Internal Revenue Service, United States Department of the Treasury*, 656 F.3d 1174, 1181–82 (10th Cir. 2011) (collecting cases). Judge Eisele's opinion to the contrary in *Lilienthal* is thorough and well-reasoned. *Lilienthal v. Parks*, 574 F. Supp. 14 (E.D. Ark. 1983). But the Supreme Court has since decided several cases that clarify and narrow what kind of issue is truly jurisdictional. *E.g., Henderson v. Shinseki*, 562 U.S. 428 (2011); *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010); *Arbaugh v. Y & H Corporation*, 546 U.S. 500 (2006). In light of the more recent precedent, this Court is not

convinced that exhaustion is a jurisdictional prerequisite in FOIA cases. So subject matter jurisdiction over Whitney's case exists.

The Department argues in the alternative that Whitney's complaint must be dismissed because he failed to submit a proper FOIA request. The Department says first that Whitney's request was deficient because he failed to provide a notarized example of his signature or a completed Certification of Identity form. № 9 at 6. Whitney responds that the governing regulation allows for verification by declaration made under penalty of perjury; and it specifically states that no particular form is required. 28 C.F.R. § 16.41(d). Whitney is right. His request was not deficient on this score.

The Department's other basis for rejecting Whitney's request, though, fares better. The regulation required Whitney to describe the records he sought "in enough detail to enable Department personnel to locate the system of records containing them with a reasonable amount of effort." 28 C.F.R. § 16.41(b). As the Department notes, Whitney's request didn't identify which United States Attorney's office or offices he believed had the requested records. № 9 at 5–6. He gave a list of

case numbers, which is in the margin.* This list has a lot of information, but the numbers don't appear to be federal case numbers, and the list doesn't identify the districts where the cases were handled. This is not a situation where the request, though imperfect in form, allows a clear and easy inference that the records are in a particular place or places. The Court agrees that it would be unreasonably burdensome in these circumstances to require the Department to locate the requested records without more specifics. *American Federation of Government Employees, Local 2782 v. United States Department of Commerce*, 907 F.2d 203, 208–09 (D.C. Cir. 1990). Because Whitney didn't submit a proper request under the FOIA, he didn't trigger the Department's disclosure obligations and can't prevail on his FOIA claim. 5 U.S.C. § 552(a)(3)(A); *Lilienthal*, 574 F. Supp. at 17–18. His complaint will therefore be dismissed without prejudice.

\* \* \*

Whitney's motion for summary judgment, № 13, denied. The Department of Justice's converted and supplemented motion, № 8

---

\* "Case Nos. 93-744-FH, MI700025J, 1995-07-10; 93-036082-FH, MI610015J, 1995-10-13; 94-10382-SM, MI450015J, 1994-10-27; 94-778-FH, MI450075J, 1995-06-26; 00-044336-FC, MI610015J, 2000-08-15; CR-2013-912, AR 720000, 2016-05-12; and any others linked to my identifiers." № 9-1 *at 6*.

& 21, is granted. Whitney's complaint will be dismissed without prejudice.

So Ordered.

*signature*
D.P. Marshall Jr.
United States District Judge

26 January 2018